## In the United States Court of Federal Claims

No. 23-1655
Filed: December 20, 2023
NOT FOR PUBLICATION

**MELVIN LOUIS HUGES,**

        *Plaintiff*,

v.

**UNITED STATES,**

        *Defendant*.

**MEMORANDUM OPINION AND ORDER**

***HERTLING*, Judge**

      Melvin Louis Huges, proceeding *pro se*, brought this action on September 25, 2023. The complaint alleges that the federal government infringed the plaintiff's copyright when "IRS special agents intentionally used copyright properties in [a] civil case and refused to use [the] legal name of [the] plaintiff since the beginning of [the] case." To remedy the alleged infringement, the plaintiff asks that the referenced civil case—a civil forfeiture case—be dismissed, and that all seized properties be returned to their legal owner. Because the Court of Federal Claims does not have jurisdiction to grant the requested relief, the complaint must be dismissed.

      The factual allegations in the complaint are sparse. In full, the complaint's "statement of the claim" reads:

> IRS Special Agents intentionally use copyright properties MELVIN HUGHES, BANDELE TRUST MELVIN LOUIS HUGES in civil case 2:21-cv-04569-JAK-(KLSx) and refused to use my legal name and address huges, melvin louis last 4 of ss# [****], legal address 1014 S Westlake Blvd 14-318, Westlake Village CA, 91361.

The plaintiff attached several exhibits to the complaint, which he labeled in two sets of Exhibits A through C. The first set of exhibits consists of three Certificates of Existence and Registration from the Minnesota Secretary of State. Those certificates seem to establish that entities named "Melvin Hughes," "Bandele Trust," and "Melvin Louis Huges" exist. The second set of exhibits consists of annotated copies of emails exchanged between Mr. Huges and an IRS Special Agent between September 2021 and August 2023. In each of the emails, the IRS agent addressed the plaintiff as "Mr. Hughes," despite a September 2021, request from the plaintiff that he be addressed "in [his] proper name: melvin louis huges." On each copy of the printed email

addressed to "Mr. Hughes," the plaintiff annotated the document with the words "Intentional misrepresentation of Information." The complaint closes by requesting that the Court of Federal Claims, pursuant to the Copyright Act and the Fourteenth Amendment, dismiss the civil forfeiture case against the plaintiff and return the seized properties to their legal owner.[1]

The defendant has moved to dismiss the complaint under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") on three grounds. First, the defendant argues that the Court of Federal Claims does not have jurisdiction to consider the plaintiff's claim for equitable relief. Second, the defendant argues that the Court of Federal Claims does not have jurisdiction over the complaint's copyright and Fourteenth Amendment claims. Third, the defendant argues that the complaint does not allege nonfrivolous violations of the Copyright Act for which the plaintiff can recover under 28 U.S.C. § 1498, because the plaintiff did not allege that he owns a valid patent or copyright.[2] (*Id.*) Even if the Court of Federal Claims had jurisdiction, the defendant argues the complaint should be dismissed because it is factually deficient and fails to state a claim upon which relief can be granted under RCFC 12(b)(6).

The plaintiff briefly responded to the defendant's motion to dismiss. The plaintiff argues that the defendant used the name "Melvin Hughes" in its correspondence and filings, and that is not the plaintiff's legal name. As a result, the defendant has negligently misrepresented the plaintiff's legal identity in violation of 33 U.S.C. § 931.

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal construction, however, does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In construing a *pro se* litigant's pleadings liberally, a court does not become an advocate for that litigant. Rather, a court ensures that a *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

The Tucker Act sets forth the jurisdiction of the Court of Federal Claims. This court may entertain "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding

---

[1] The case cited by the plaintiff appears to refer to *United States v. Real Property Located in Malibu, California,* No. 2:21-cv-04569-JAK-(KLSx) (C.D. Cal.), in which the plaintiff is the claimant.

[2] While the first line of the complaint alleges "patent and copyright infringement," the word "patent" is never mentioned again in any of Mr. Huges's filings. The complaint's allegations for infringement of intellectual property rights otherwise relate to copyright infringement, and nowhere in the complaint does the plaintiff request relief for patent infringement.

in tort." 28 U.S.C. § 1491(a)(1).  The Tucker Act "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Because the Tucker Act is only a jurisdictional statute and does not create a substantive right to relief, to maintain a suit in the Court of Federal Claims, a plaintiff must not only rely on the Tucker Act but must also identify a "separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).  Such a money-mandating source of law must give the plaintiff the right to recover damages against the federal government. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).  If a plaintiff does not raise a constitutional, statutory, or regulatory money-mandating claim or a breach of contract claim against the United States, and the plaintiff's claim does not otherwise fall within the limited jurisdiction of the Court of Federal Claims, the claim must be dismissed for lack of subject-matter jurisdiction under RCFC 12(h)(3).

The defendant argues that the Court of Federal Claims lacks subject-matter jurisdiction over the complaint because the Court of Federal Claims cannot grant equitable relief absent a claim for money damages, and the plaintiff's claim is not tied to a money-mandating source of law.  Although the defendant does not raise the issue, the complaint also requests the Court of Federal Claims to review the actions of a district court in a civil forfeiture proceeding involving the plaintiff.

The complaint does not explain how the IRS's alleged refusal to use the name "melvin louis huges" is connected to a claim for copyright infringement or a claim under the Fourteenth Amendment.  Aside from this failure, the plaintiff is asking the Court of Federal Claims to review the action of a district court.  The plaintiff notes that he "want[s] the court to dismiss the [forfeiture] case and return all seized properties to [the] legal owner."  The Court of Federal Claims lacks jurisdiction to review the acts and decisions of a district court. *See Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (cleaned up) ("[T]he Court of Federal Claims does not have jurisdiction to review the decision of district courts and cannot . . . scrutinize the actions of another tribunal.")  The plaintiff's sole avenue for relief from the alleged errors by the district court in the forfeiture case is an appeal to the Court of Appeals for the Ninth Circuit.

Dismissal is also required because the plaintiff has not based on his claim on a money-mandating source of law.  Neither section 106 of the Copyright Act nor the Fourteenth Amendment, the two provisions on which the complaint relies, is a money-mandating source of law.  Section 106 of the Copyright Act merely provides the exclusive rights of a copyright holder; it does not create a cause of action or authorize an award of money damages. *See* 17 U.S.C. § 106.  The Fourteenth Amendment is similarly not money-mandating. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

In his response to the motion to dismiss, the plaintiff argues that by allegedly refusing to address the plaintiff by his legal name, the defendant negligently misrepresented the plaintiff's legal identity in violation of 33 U.S.C. § 931.  This provision of the United States Code, however, pertains to knowing and willful misrepresentations in seeking benefits under the

Longshore and Harbor Workers' Act. The statute is not relevant to the plaintiff's claim and, even if it were, contains no provision that could be construed as being money-mandating.

The complaint must be dismissed for lack of subject-matter jurisdiction under RCFC 12(b)(1) and 12(h)(3).

Even if the Court of Federal Claims could exercise jurisdiction over the plaintiff's copyright claim, the defendant argues that the complaint should be dismissed for failure to state a claim upon which relief can be granted. Under RCFC 12(b)(6), dismissal for failure to state a claim upon which relief can be granted "is appropriate when the facts asserted by the claimant do not entitle [the claimant] to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).

The defendant argues that the plaintiff's copyright claim fails to state a claim on which relief can be granted because a plaintiff cannot maintain an action for copyright infringement absent a valid copyright registration. While copyright in an author's work vests from the moment of fixation in a tangible medium (17 U.S.C. § 102), an author cannot bring a suit to enforce a copyright without first registering it (17 U.S.C. § 411(a)). The plaintiff has provided no evidence that he has registered a copyright in the name "Melvin Hughes," "melvin louis huges," or any other name. The absence of such evidence is not surprising, because personal names cannot be copyrighted. *See* 37 C.F.R. § 202.1 ("Materials not subject to copyright . . . (a) [w]ords and short phrases such as names, titles, and slogans"). The Certificates of Existence and Registration from the Minnesota Secretary of State attached to the plaintiff's complaint make no mention of the word "copyright"; even if they did, Minnesota has no authority to grant a federal copyright to the plaintiff. The plaintiff has not offered any evidence that he holds a valid copyright registration over any of his names, and he therefore cannot state a claim for copyright infringement upon which relief can be granted.

Accordingly, the portion of the plaintiff's complaint that seeks relief under the Copyright Act fails to state a claim and must be dismissed under RCFC 12(b)(6).

The complaint does not allege a claim over which the Court of Federal Claims can exercise jurisdiction and fails to state a claim for copyright infringement. The defendant's motion to dismiss is **GRANTED**, and the complaint is **DISMISSED** pursuant to RCFC 12(b)(1) and 12(h)(3) and to RCFC 12(b)(6). The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**